WEIMER, J.,
dissents in part and assigns reasons.
[ ]While I prefer the result reached by the majority, I am constrained to dissent based on the statutory language the legislature expressed in La. R.S. 17:439(A) which limits immunity to acts of commission.
Based on the plain meaning of the words “statement made or action taken” in La. R.S. 17:439(A) when referring to that which merits immunity, the legislature has limited immunity to acts of commission. This plain meaning is confirmed by comparing the words “statement made or action taken” in La. R.S. 17:439(A) to the wording of other statutes the legislature has enacted involving similar topics. For example, La. R.S. 17:416.11(A) provides that certain employees are shielded from personal liability “for any act or failure to act in the directing of or disciplining of school children.” Furthermore, La. R.S. 17:416.1(C) provides a duty to defend and indemnify “based upon the act or omission” of a school employee.
|2If the legislature had intended the scope of immunity in La. R.S. 17:439(A) to be broad enough to extend to both omissions and commissions, then the legislature could have employed terms identical or similar to the terms cited from La.R.S. 17:416.11(A) or La. R.S. 17:416.1(0).
*681 Interpreting the language the legislature employed in La. R.S. 17:439(A) to mean that immunity extends only to acts of commission would not lead to an absurd result. It may be that the legislature intended to reward decisive behavior (acts of commission) and discourage passive behavior (acts of omission). Reporting misconduct and attempting to correct the mistakes of other school employees are concrete examples of decisive behavior that the legislature may have intended to reward by granting immunity.
It is not the role of this court to substitute its own policy decisions for those expressed by the legislature. See Sensebe v. Canal Indem. Co., 2010-0703, p. 7 (La.1/28/11), 58 So.3d 441, 446 (“[S]tatuto-ry provisions ... recite the public policy of Louisiana”). This court is also bound to strictly construe the wording of La. R.S. 17:439(A) because it is an immunity statute. See Weber v. State, 635 So.2d 188, 193 (La.1994), (“Immunity statutes must be strictly construed against the party claiming the immunity.”). Finding a plausible and legitimate policy was expressed in the plain wording of La. R.S. 17:439(A), I must respectfully dissent from the majority’s more expansive interpretation.
However, I agree with the majority that a direct cause of action against the bus driver may be maintained at this stage of the proceedings and that, pursuant to La. R.S. 17:416.4(A), the school board will be required to indemnify and defend the bus driver for any liability in excess of his insurance or self-insurance limits.